**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Randy Teinert,                                              Civil No. 10-2230 (DWF/JJK)

          Plaintiff,

v.                                                                    **MEMORANDUM**
                                                             **OPINION AND ORDER**
Anthony R. Rossini; Raymond D.
Rossini; Peter A. Davidson; Ervin
Cohen & Jessup LLP; B. Todd Jones;
Karen P. Hewitt; and Andrew Birotte, Jr.,

          Defendants.

---

Randy Teinert, *Pro Se*, Plaintiff.

Amy E. Thompson, Esq., and Paul C. Peterson, Esq., Lind Jensen Sullivan & Peterson, PA, counsel for Defendants Anthony R. Rossini and Raymond D. Rossini.

Aimee D. Dayhoff, Esq., Winthrop & Weinstine, PA, counsel for Peter A. Davidson and Ervin Cohen & Jessup LLP.

Friedrich A. P. Siekert, Assistant United States Attorney, Unites States Attorney's Office, counsel for B. Todd Jones, Karen P. Hewitt, and Andre Birotte, Jr.

---

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss brought by Defendants Peter A. Davidson and Ervin Cohen & Jessup LLP (together, the "Ervin Cohen Defendants") (Doc. No. 3); a Motion to Dismiss brought by Defendants Anthony R. Rossini and Raymond D. Rossini (together, the "Rossini Defendants") (Doc. No. 38); a Motion for Summary Judgment brought by Raymond D. Rossini; and a Motion to Dismiss

brought by Defendants B. Todd Jones, Karen P. Hewitt, and Andre Birotte, Jr., (together, the "Federal Defendants") (Doc. No. 16).  For the reasons stated below, the Court grants the motions to dismiss.

## BACKGROUND

Plaintiff Randy Teinert lives in Maple Grove, Minnesota.  (Compl. ¶ 2.) Defendants Anthony R. Rossini and Raymond D. Rossini are attorneys with the law firm of Rossini & Rossini in Minneapolis, Minnesota.  (*Id*. ¶¶ 3-4.)  Defendant Peter A. Davidson is a partner at Defendant Ervin Cohen & Jessup LLP in Beverly Hills, California. (*Id*. ¶¶ 5-6.)  Defendant B. Todd Jones is the United States Attorney for the District of Minnesota.  (*Id*. ¶ 7.)  Defendant Karen P. Hewitt is the (former) United States Attorney for the Southern District of California.  (*Id*. ¶ 7.)  Defendant Andre Birotte, Jr., is the United States Attorney for the Central District of California.  (*Id*. ¶ 9.)

In 2002, Plaintiff invested $10,000 with Randy Treadwell.  (*Id*. ¶ 11.)  Plaintiff had been told that Treadwell "had relations with international trades that brought 100% returns a year."  (*Id*. ¶ 10.)  Soon after investing, Plaintiff introduced friends and family to Treadwell's investment program.  (*Id*. ¶¶ 11-12.)  Anthony and Raymond Rossini of the Rossini & Rossini law firm held an escrow account through which they distributed Treadwell's funds to Plaintiff and at least one other individual for their investors.  (*Id*. ¶ 20.)  Treadwell became late in paying monthly earnings to Plaintiff.  (*Id*. ¶ 19.) Treadwell was eventually arrested and convicted of operating a Ponzi scheme.  (*Id*. ¶ 22.)

A receiver for Treadwell's company (Learn Waterhouse) requested that Rossini & Rossini produce "all transactions from Learn Waterhouse." (*Id*. ¶ 24.) Rossini & Rossini turned over the requested documents and, thereafter, Plaintiff received requests from receivers requesting that he return over $1.3 million. (*Id*. ¶¶ 26-27.)

Plaintiff filed this Complaint, alleging a breach of attorney-client privilege against the Rossini Defendants and the Ervin Cohen Defendants (Count One) and a claim for selective prosecution against the Federal Defendants (Count Two).

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 579 (2007).   Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."   *Id.* at 555.   As the United States Supreme Court recently reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).   In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."   *Twombly*, 550 U.S. at 556.

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle by which to seek dismissal of a claim for lack of federal subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).   When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6).   *Id*.

**II.   Ervin Cohen Defendants' Motion**

The Ervin Cohen Defendants assert that Plaintiff's claim for breach of the attorney-client privilege should be dismissed as it is asserted against them because there is

no such recognized cause of action under Minnesota law and because no attorney-client relationship existed between Plaintiff and the Ervin Cohen Defendants at any time.

Plaintiff has not cited, and the Court has not found, any authority to support the notion that a party may bring an affirmative claim for relief for a breach of the attorney-client privilege. Accordingly, Plaintiff's claim for breach of the attorney-client privilege is dismissed.

Even if there was a cognizable claim for breach of the attorney-client privilege, Plaintiff has failed to sufficiently allege that an attorney-client relationship existed between him and the Ervin Cohen Defendants, or more particularly that the Ervin Cohen Defendants ever represented Plaintiff. Indeed, the only allegation asserted against the Ervin Cohen Defendants is that "[t]he information Defendant Peter A. Davidson has regarding the amounts allegedly owed by Teinert was illegally obtained, as he well knew." (Compl. ¶ 30.) This single allegation is wholly insufficient to support a plausible claim for relief against the Ervin Cohen Defendants. Thus, Plaintiff's claim against the Ervin Cohen Defendants is dismissed with prejudice.

### III.   Rossini Defendants' Motion

The Rossini Defendants move to dismiss the breach of attorney-client privilege claim as asserted against them on the grounds that the summons and complaint were never properly served and for failure to state a claim upon which relief can be granted.

As discussed above, Plaintiff has not demonstrated that Minnesota courts recognize the alleged breach of the attorney-client privilege as an affirmative cause of action.

Accordingly, Plaintiff's claim for breach of the attorney-client privilege as asserted against the Rossini Defendants is dismissed.[1]

In addition, Federal Rule of Civil Procedure 12(b)(4) provides that a court may dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(4). Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the record demonstrates that the Rossini Defendants were never properly served in this action. The Rossini Defendants have challenged the validity of the service of process and submit that they were unable to locate in the record any affidavits showing that service was effectuated. The Summons and Complaint in this matter were filed on June 30, 2010. More than 120 days have passed. Plaintiff admits that he did not serve the Rossini Defendants. (Doc. No. 47 at 1.) Thus, the claims against the Rossini Defendants should be dismissed for failure to serve. The Court declines to allow Plaintiff additional time to serve the Rossini Defendants as Plaintiff has not offered any showing of good cause for his failure to timely serve these defendants.

---

[1] Although Plaintiff does not name Rossini & Rossini, P.A., as a defendant, he does seek relief against Rossini & Rossini, P.A. Even if Rossini & Rossini, P.A., was named as a defendant, any claim for breach of attorney-client privilege would fail for the same reason that the claim fails as asserted against the Rossini Defendants.

**IV.    The Federal Defendants' Motion**

Plaintiff asserts a claim for selective prosecution against the Federal Defendants and seeks an injunction barring the Federal Defendants "from presenting any evidence obtained in breach of the attorney-client privilege to a federal grand jury" and a declaration that "a failure to prosecute any attorney for the commission of a felony violates the equal protection component of the Fifth Amendment."   (Compl. (Relief Requested) ¶¶ 4, 6.) While not entirely clear, it appears that Plaintiff's claim against the Federal Defendants stems from Plaintiff's assertion that the other named defendants in this action obtained privileged information and provided it to the Federal Defendants who may attempt to introduce the information to a federal grand jury.

Plaintiff's claims against the Federal Defendants are unsustainable for several reasons.   First, Plaintiff has failed to identify any conduct by any of the Federal Defendants that infringed upon Plaintiff's constitutional rights or otherwise caused a cognizable injury or threatened injury to Plaintiff.   For this reason alone, this Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants.

Second, Plaintiff's Complaint purports to assert claims against the Federal Defendants in their official capacities, but Plaintiff has not demonstrated that the United States has waived its sovereign immunity for suits of this nature.   *See Lane v. Pena*, 518 U.S. 187, 192 (1996) (explaining that sovereign immunity is a complete bar to suit against the United States unless Congress has explicitly waived immunity).   Because sovereign immunity applies, Plaintiff's claims against the Federal Defendants are properly dismissed.

Third, Plaintiff's claim for injunctive relief fails to state a claim upon which relief can be granted. Even if the Court construes Plaintiff's cause of action as one seeking relief under the Mandamus Act, Plaintiff's claim fails. To invoke mandamus relief, Plaintiff must demonstrate: (1) a clear right to the relief requested; (2) that the Federal Defendants have a nondiscretionary duty to honor that right; and (3) that there is no adequate alternative remedy available. *See Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006). Plaintiff has failed to demonstrate any of the necessary elements for mandamus relief. Therefore, Plaintiff's claim for injunctive relief fails on this additional ground.

Finally, Plaintiff's claim for relief against the Federal Defendants seeking a declaration that the failure to prosecute any attorney for the commission of a felony violates the equal protection component of the Fifth Amendment also fails to state a claim. Plaintiff has failed to allege any facts to support the assertion that Plaintiff's constitutional rights to equal protection have been violated.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Ervin Cohen Defendants' Motion to Dismiss (Doc. No. [3]) is **GRANTED**.

2. The Rossini Defendants' Motion to Dismiss (Doc. No. [38]) is **GRANTED**.

3. The Federal Defendants' Motion to Dismiss (Doc. No. [16]) is **GRANTED**.

4. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

5. Plaintiff's Motion to Take Judicial Notice (Doc. No. [35]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 2, 2011          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge